IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTT FORREST,
 *Plaintiff*,

v.               Civil Action No. ELH-13-1525

GREEN TREE SERVICING, LLC, *et al.*,
 *Defendants*.

## MEMORANDUM

Scott Forrest, plaintiff, sued Green Tree Servicing, LLC ("Green Tree") and Five Brothers Mortgage Company Services and Securing, Inc. ("Five Brothers"), defendants, in the Circuit Court for Frederick County, Maryland, alleging two common law claims: breaking and entering and invasion of privacy. ECF 2. With Five Brothers' consent, Green Tree timely removed the action to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a); 1441; *see also* Notice of Removal (ECF 1). Shortly thereafter, I issued an Order (ECF 9), directing defendants to establish that the requirements of diversity jurisdiction are satisfied. On June 6, 2013, I received a Joint Statement in Response to Court's May 29, 2013 Order Clarifying Citizenship of the Parties ("Joint Statement") (ECF 14). Upon consideration of the Joint Statement, I conclude that this Court lacks subject matter jurisdiction.[1] Therefore, I will remand the case to the Circuit Court for Frederick County.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A

---

[1] Green Tree has filed a Motion to Dismiss (ECF 10). Because I conclude that the Court lacks subject matter jurisdiction, I lack the authority to resolve that motion. On remand, Green Tree will be free to assert the contentions in a motion to the state court.

court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193 (2010). With respect to cases removed to federal court from state court, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[2]

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 130 S. Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Green Tree asserts subject matter jurisdiction on the basis of diversity of citizenship. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must

---

[2] Section 1447(c) also permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because this case is being remanded on the Court's own initiative, and plaintiff neither moved for remand nor requested an award of costs, I decline to require Green Tree to pay the costs incurred as a result of removal.

be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Plaintiff seeks damages in the amount of $180,000, *see* Complaint ¶ 10, which satisfies the amount-in-controversy requirement. However, as I observed in the Court's Order of May 29, 2013 (ECF 9), Green Tree's Notice of Removal did not "sufficiently allege the citizenship of any party."

The Notice of Removal stated that plaintiff Scott Forrest is "an individual homeowner who is a resident of the State of Maryland." Notice of Removal ¶ 9. This was insufficient to allege Mr. Forrest's citizenship because "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id.* In the Joint Statement, the parties have clarified that Mr. Forrest is a United States citizen and is domiciled in Maryland. *See* Joint Statement ¶ 1. Thus, for purposes of diversity jurisdiction, Mr. Forrest is a Maryland citizen.

As to Five Brothers, the Notice of Removal stated that Five Brothers is a corporation that "maintains its principal place of business" in Michigan. Notice of Removal ¶ 11. However, this allegation was insufficient to determine Five Brothers' citizenship. The state citizenship of a

corporation for diversity purposes is governed by 28 U.S.C. § 1332(c)(1), which provides that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." (Emphasis added.) "The principal effect of Section 1332(c) is obviously to establish dual citizenship for most corporations . . . . [F]or example, when an enterprise incorporated in Delaware and having its principal place of business in Ohio is a party to a suit, diversity is lacking if any adverse party is a citizen *either* of Delaware *or* of Ohio." 13F WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3624, at 45-58 (3d ed. 2009, 2013 Supp.) (emphasis added). Although the Notice of Removal specified the state in which Five Brothers has its principal place of business, it did not identify the state or states under whose laws Five Brothers is incorporated. In the Joint Statement, the parties have clarified that Five Brothers is incorporated under Michigan law. See Joint Statement ¶ 3. Accordingly, Five Brothers is a citizen of Michigan for jurisdictional purposes.

In the Notice of Removal, Green Tree asserted that it was "organized under the law of the State of Delaware and maintains its principal place of business in Minnesota." Notice of Removal ¶ 10. This would have been sufficient to allege Green Tree's citizenship if Green Tree were a corporation, but Green Tree is not a corporation. It is a limited liability company (LLC). The citizenship of an LLC "is determined by the citizenship of all of its members." *Mountain State*, *supra*, 636 F.3d at 103 (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)); *cf. Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-96 (1990) (holding that, for purposes of diversity jurisdiction, the citizenship of a limited partnership is dictated by the citizenship of the members of the partnership, in accord with the "oft-repeated rule," to which

the citizenship of corporations is a statutory exception, that "for diversity purposes, the citizenship of an artificial entity . . . depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members'") (citations omitted).

The Notice of Removal did not identify Green Tree's members or provide any information with respect to their citizenship. Notably, in another case as to which Green Tree is a party, the Court previously alerted counsel to the same deficiency of jurisdictional pleading as to Green Tree's citizenship. *See Webb v. Green Tree Servicing, LLC*, Civ. No. ELH-11-2105, 2011 WL 6141464, at *1 n.2 (D. Md. Dec. 9, 2011). *Webb* was removed from Maryland state court to federal court in August 2011. In *Webb*, after the Court asked Green Tree to identify the citizenship of its members, Green Tree fully specified the business entities that comprised its chain of membership. In summary, Green Tree's "only member [was] another LLC, and the chain of membership include[d] many other LLCs." *Id.* Ultimately, however, three corporations had membership interests in Green Tree: Green Tree MH Corp. and Green Tree HE/HI Corp., both of which are Delaware corporations with their principal places of business in Minnesota; and Walter Investment Company, a Delaware corporation with its principal place of business in Florida. *Id.*

Here, in the Order of May 29, 2013, I observed: "If the citizenship of Green Tree's members remains the same as it was in 2011, Green Tree is a citizen of Delaware, Minnesota, and Florida." In that event, complete diversity would be satisfied. However, the Joint Statement makes clear that Green Tree's membership has changed since 2011, with jurisdictionally dispositive consequences for this case.

In Paragraph 2 of the Joint Statement, Green Tree provides the following statement of the citizenship of its members:

> Green Tree's sole member is Green Tree Licensing LLC, which also is a limited liability company .... Green Tree Licensing LLC's sole member is Green Tree MH LLC, which has two members, Green Tree HE/HI LLC and Green Tree MH Corp. Green Tree MH LLC and Green Tree HE/HI LLC are limited liability companies .... Green Tree MH Corp. is a corporation incorporated under the laws of the State of Delaware that maintains its principal place of business in Minnesota.
>
> Green Tree HE/HI LLC has two members, Green Tree CL LLC and Green Tree HE/HI Corp. [Green Tree CL LLC is a limited liability company, and Green Tree HE/HI Corp. is a corporation] organized under the laws of the State of Delaware [that] maintain[s] [its] principal place of business in Minnesota.
>
> Green Tree CL LLC's sole member is Green Tree Investment Holdings II LLC. Green Tree Investment Holdings II LLC's sole member is Green Tree Credit Solutions LLC. All of these [are] limited liability companies . . . .
>
> Green Tree Credit Solutions LLC's sole member is Walter Investment Holding Company LLC, a Delaware limited liability company. Walter Investment Holding Company LLC's sole member is Walter Investment Management Corp., a Maryland corporation.

Recognizing that a picture is worth a thousand words, Green Tree also provided, as Exhibit 1 to the Joint Statement, the visual diagram of its membership structure that is shown below:

## Green Tree Servicing LLC's Corporate Structure



As the foregoing makes clear, Green Tree has undergone a change in its membership structure since 2011. Then, Walter Investment Company, a Delaware corporation with its

principal place of business in Florida, was part of Green Tree's membership structure. Now, Walter Investment Company has been replaced in its position in Green Tree's membership structure by Walter Investment Management Corporation, a Maryland corporation.

The Notice of Removal did not indicate the principal place of business of Walter Investment Management Corporation. But, the fact that the entity is incorporated in Maryland is fatal to diversity jurisdiction in this case. Green Tree's membership includes citizens of Delaware, Minnesota, and Maryland. Because Mr. Forrest is also a citizen of Maryland, complete diversity is destroyed, and this Court lacks subject matter jurisdiction over this case.

In a footnote in the Joint Statement, Green Tree protests that, although it "has identified a Maryland case in which the Court examined three tiers of a limited liability company's corporate structure to determine its citizenship for diversity purposes," *see JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F. Supp. 2d 700, 700-01 (D. Md. 2001), Green Tree "has been unable to locate authority in Maryland where, like here, the non-diverse party is eight steps removed from the defendant limited liability company." Joint Statement at 3 n.2. Green Tree seems to suggest that its relationship with Walter Investment Management Corporation is too "attenuated" to impute the citizenship of Walter Investment Management Corporation to Green Tree.

Green Tree's contention is misplaced. Every federal appellate court to have addressed the issue has held that "[t]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("[T]his jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's

members (or partners, as the case may be) must then be considered."); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3rd Cir. 2010); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 (5th Cir. 2009); *Mut. Assign. & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858 (7th Cir. 2004).

In the absence of complete diversity, I readily conclude that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.[3] Accordingly, pursuant to 28 U.S.C. § 1447(c), this case must be remanded to the Circuit Court for Frederick County.[4] An appropriate Order follows.

Date: June 25, 2013  /s/
Ellen Lipton Hollander
United States District Judge

---

[3] Green Tree correctly points out that this decision does not affect the Court's jurisdiction in *Webb*. "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989); *see also Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Because the parties in *Webb* were completely diverse at the time the action in *Webb* was commenced, the subsequent change in Green Tree's citizenship does not divest the Court of jurisdiction in *Webb*.

[4] It is also noteworthy that, because Green Tree is a Maryland citizen, another facet of the law of removal is implicated. Under the "forum-state defendant rule" established by 28 U.S.C. § 1441(b)(2), a defendant who is "a citizen of the State in which [an] action [in state court] is brought" may not remove the action to federal court on the basis of diversity jurisdiction. Thus, even if Mr. Forrest was not a citizen of Maryland and the parties' citizenship was diverse, the fact that Green Tree is a citizen of Maryland would preclude Green Tree from removing cases to this Court on the basis of diversity. To be sure, "[a]lthough the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have had occasion to address it" and, of those ten circuits, "nine have found that removal by a forum defendant is a procedural defect, and thus waivable." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) (citing cases). Although a district court may not remand, *sua sponte*, on the basis of a waivable, non-jurisdictional, procedural defect in removal, *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198-99 (4th Cir. 2008), there is no harm in pointing out an additional defect in removal in the course of remanding on other jurisdictional grounds, even assuming that the additional defect is merely procedural.